**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO GONZALO AVILA RODRIGUEZ, | No. 22-1820 |
| Petitioner, | Agency No. A092-017-443 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Pedro Gonzalo Avila Rodriguez (Avila Rodriguez), a native and citizen of

Guatemala, petitions for review of a Board of Immigration Appeals (BIA) decision

---

    *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his appeal of an Immigration Judge (IJ) order denying his application for a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act.[1]  We lack jurisdiction to review any decision or action "regarding the granting of" discretionary immigration relief, including waiver of inadmissibility.  8 U.S.C. § 1252(a)(2)(B)(ii); *see also Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007).  We retain jurisdiction over colorable "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D); *see also Zheng v. Holder*, 644 F.3d 829, 832–33 (9th Cir. 2011).

Avila Rodriguez asserts three due process violations.  "To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice. . . ."  *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (citations omitted).

**1.**  First, Avila Rodriguez contends that the IJ violated his right to due process by failing to adequately balance all relevant factors.  We review for an abuse of discretion whether the IJ considered "all favorable and unfavorable factors bearing on [Avila Rodriguez's] application for § 212(c) relief."  *Szonyi v.*

---

[1]  Avila Rodriguez also applied for withholding of removal and protection under the Convention Against Torture.  The BIA dismissed those claims due to Avila Rodriguez's failure to challenge the IJ's determination of ineligibility.  Avila Rodriguez does not address this waiver determination in his opening brief.  *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (noting that issues not addressed in the opening brief are deemed waived).

*Barr*, 942 F.3d 874, 896 (9th Cir. 2019), *as amended* (citation omitted). The IJ expressly considered the positive equities that Avila Rodriguez maintains were disregarded. The IJ noted the medical conditions of Avila Rodriguez and his wife. The IJ also mentioned that Avila Rodriguez has maintained a good relationship with his sons and that they credit him for their success. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (noting that the agency "does not have to write an exegesis on every contention") (citation omitted). Thus, the IJ did not abuse her discretion in denying relief, and thus, there was no due process violation. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

**2.** Avila Rodriguez's assertion that the IJ abandoned her role as a neutral factfinder also fails to state a due process violation. An IJ may not act as a "partisan adjudicator seeking to intimidate the petitioner rather than a neutral fact-finder interested in hearing the petitioner's evidence," but an IJ is permitted to "aggressively and sometimes harshly question a witness." *Arrey v. Barr*, 916 F.3d 1149, 1158–59 (9th Cir. 2019) (citations and internal quotation marks omitted). In any event, Avila Rodriguez has not established that the IJ's alleged bias "potentially affected the outcome of the proceedings," as the conviction was corroborated by other evidence in the record. *Id.* at 1159 (citation omitted); *see also Grigoryan*, 959 F.3d at 1240 (requiring a showing of prejudice "[t]o prevail on a due process challenge to deportation proceedings").

**3.** Finally, Avila Rodriguez argues that when balancing the relevant factors, the IJ erred by relying on a police report that Avila Rodriguez contends was inadmissible hearsay. However, "the sole test for admission of evidence [in immigration proceedings] is whether the evidence is probative and its admission is fundamentally fair." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) (citation and alteration omitted). Although Avila Rodriguez asserts that the police report was "more prejudicial than probative," he fails "to cast doubt on the probative value or fairness of the evidence presented." *Id.* at 824.

Because Avila Rodriguez failed to raise any colorable due process claims, we lack jurisdiction over his petition for review. *See Torres-Aguilar*, 246 F.3d at 1268.

**PETITION DISMISSED.** [2]

---

[2] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.

22-1820